**ORIGINAL**

Approved: _Courtney Laura Heavey_
COURTNEY LAURA HEAVEY
Assistant United States Attorney

Before:   HONORABLE LISA MARGARET SMITH
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :   SEALED COMPLAINT  19mag6842

        - v. -                  :   Violations of
                                    21 U.S.C. § 841
MATTHEW D. DEGROAT,             :
a/k/a "Stacks,"                     COUNTY OF OFFENSE:
                                :   ORANGE
            Defendant.          :

- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   ROBERT SOUKERAS, being duly sworn, deposes and says that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and charges as follows:

COUNT ONE

   1.   On or about January 2, 2019, in the Southern District of New York, MATTHEW D. DEGROAT, a/k/a "Stacks," the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

   2.   The controlled substance that MATTHEW D. DEGROAT, a/k/a "Stacks," the defendant, distributed and possessed with intent to distribute was a substance and mixture containing a detectable amount of heroin, including a detectable amount of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), in violation of Title 21 United States Code, Section 841(b)(1)(C).

   (Title 21, United States Code, Sections 812, 841(a)(1), and
                    841(b)(1)(C).)

## COUNT TWO

3. On or about March 19, 2019, in the Southern District of New York, MATTHEW D. DEGROAT, a/k/a "Stacks," the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

4. The controlled substance that MATTHEW D. DEGROAT, a/k/a "Stacks," the defendant, distributed and possessed with intent to distribute was a substance and mixture containing a detectable amount of cocaine base, in violation of Title 21 United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

## COUNT THREE

5. On or about March 21, 2019, in the Southern District of New York, MATTHEW D. DEGROAT, a/k/a "Stacks," the defendant, intentionally and knowingly distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

6. The controlled substance that MATTHEW D. DEGROAT, a/k/a "Stacks," the defendant, distributed and possessed with intent to distribute was a substance and mixture containing a detectable amount of cocaine base, in violation of Title 21 United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

The bases for my knowledge and the foregoing charges are, in part, as follows:

7. I am a Special Agent with the ATF, and I have been personally involved in the investigation of this matter. This affidavit is based upon that experience, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported

in substance and in part, except where otherwise indicated.

8.  As further described below, based on my investigation, which has included, among other things, physical surveillance, review of documents and records, and my conversations with other law enforcement officers, I have learned that on at least twelve occasions from in or about January 2019 through in or about June 2019, an undercover officer and confidential informants working with law enforcement have purchased narcotics, specifically heroin (some of which was mixed with fentanyl) and crack cocaine, from MATTHEW D. DEGROAT, the defendant, in the vicinity of Middletown, New York in Orange County.  Below are descriptions of three of those controlled purchases.

### I.  The January 2, 2019 Controlled Purchase

9.  Based on my conversation with a Middletown Police Officer ("Officer-1") who is part of the investigative team for this matter, I know that in or about January 2019, a confidential informant ("CI-1")[1] informed Officer-1 that an individual he knew as MATTHEW G. DEGROAT, the defendant, was willing to sell him/her heroin and crack cocaine.  CI-1 informed Officer-1 that he/she knew DEGROAT from prior occasions when DEGROAT had sold CI-1 narcotics.

10.  Based on my conversation with Officer-1 and my review of the Narcotics Unit – Buy Operation Sheet prepared by a police officer with the Middletown Police Department ("MPD"), I know that:

a.  On or about January 2, 2019, in the presence and at the direction of law enforcement, CI-1 placed a call to a telephone number to a number ending in 5394 (the "5394 Number"), which CI-1 had previously used to contact DEGROAT.  CI-1 was able to identify the man who answered the phone as DEGROAT based on his voice, which CI-1 was familiar with given his/her prior interactions with DEGROAT.  CI-1 told DEGROAT, in sum and substance, that he/she was interested in purchasing heroin.  DEGROAT directed CI-1 to meet in the vicinity of Ridge Street and Stivers Place.

---

[1] CI-1 has a prior misdemeanor conviction for driving while intoxicated and a prior arrest for resisting arrest, obstruction and speeding. CI-1 is cooperating with the MPD in exchange for compensation. The information CI-1 provided has been corroborated and has proven reliable.

3

  b. CI-1 was checked for contraband or other money, and none was found. Officers from the MPD provided CI-1 with approximately $120 in pre-marked twenty dollar bills and then proceeded to the vicinity of Ridge Street and Stivers Place to conduct surveillance.

  c. Officers from the MPD observed CI-1 meet with up a man who CI-1 subsequently identified as DEGROAT based on comparing a photograph of DEGROAT from his RAP sheet. Officers later saw DEGROAT leave the location.

  d. CI-1 then met officers from the MPD at an agreed-upon location where officers recovered from CI-1, ten, white glassine envelopes containing a substance, which field-tested positive for heroin, including a detectable amount of N-phenyl-N- [1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), and weighed under a gram.

## II. The March 19, 2019 Controlled Purchase

11. Based on my conversation with Officer-1, my review of MPD reports, and my review of a video recording, I know that on or about March 19, 2019:

  a. An MPD police officer acting in an undercover capacity (the "UC") called the 5394 Number, expressed an interest in purchasing crack cocaine, and was directed to the vicinity of Benjamin Avenue and Waywayanda Avenue.

  b. Police officers from the MPD then went to the vicinity of the agreed-upon location to conduct surveillance.

  c. The UC was provided with pre-recorded bills totaling $60. The UC then proceeded to the agreed-upon location where he/she met with a man that he/she later identified as DEGROAT based on a photograph of DEGROAT from his RAP sheet.

  d. DEGROAT provided the UC with two knotted plastic bags. The substances inside the plastic bags weighed around a half gram and were later field-tested and tested positive for crack cocaine.

## III. The March 21, 2019 Controlled Purchase

12. Based on my conversation with Officer-1, my review of MPD police reports, and my review of a video recording, I know that on or about March 21, 2019:

4

        a.    The UC called the 5394 Number, expressed an interest in purchasing crack cocaine, and was directed to the vicinity of Benjamin Avenue and Waywayanda Avenue.

        b.    Police officers from the MPD then went to the vicinity of the agreed-upon location to conduct surveillance.

        c.    The UC was provided with pre-recorded bills totaling $60. The UC then proceeded to the agreed-upon location where he/she met with a man that he/she later identified as DEGROAT based on a photograph of DEGROAT from his RAP sheet.

        d.    DEGROAT provided the UC with two knotted plastic bags. The substances inside the plastic bags weighed around a half gram and were later field-tested and tested positive for crack cocaine.

13. Based on my conversation with Officer-1, my review of MPD reports, I know that from in or about January 2, 2019 through June 13, 2019, DEGROAT sold heroin to CI-1 on at least two other occasions, and sold crack cocaine to the UC and/or CI-1 and one other confidential informant on at least seven other occasions. Altogether, during that time period, DEGROAT sold approximately .75 grams of heroin and approximately 3.9 grams of crack cocaine.

WHEREFORE, deponent prays that MATTHEW D. DEGROAT, the defendant, be arrested and imprisoned, or bailed, as the case may be.

_____
ROBERT SOUKERAS
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
23rd day of July, 2019

_____
HONORABLE LISA MARGARET SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

6